David E. De Lorenzi
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500
ddelorenzi@gibbonslaw.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Daniel L. Reisner (*pro hac vice* to be
submitted)
Abigail Struthers (*pro hac vice* to be
submitted)
250 West 55th Street
New York, NY 100190-9710
Telephone: (212) 836-8000
daniel.reisner@arnoldporter.com
abigail.struthers@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
Jeremy Cobb (*pro hac vice* to be submitted)
601 Massachusetts Ave,
NW Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
David Denuyl (*pro hac vice* to be submitted)
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
david.denuyl@arnoldporter.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHARMACOSMOS A/S; <br> PHARMACOSMOS HOLDING A/S; and <br> PHARMACOSMOS THERAPEUTICS INC., <br><br> Plaintiffs, <br><br> v. <br><br> HETERO LABS LIMITED; <br> HETERO USA, INC.; and <br> HETERO LABS LIMITED UNIT-VI, <br><br> Defendants. | Case No. <u>25-3945</u> |

–1–

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Pharmacosmos A/S, Pharmacosmos Holding A/S, and Pharmacosmos Therapeutics Inc. (collectively, "Pharmacosmos" or "Plaintiffs"), for their Complaint against Defendants Hetero USA, Inc. ("Hetero USA") , Hetero Labs Limited Unit-VI ("Hetero Unit-VI"), and Hetero Labs Limited ("Hetero Ltd.") (collectively, "Hetero" or "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq.*, and in particular under 35 U.S.C §§ 271 (a–c, e–g). This action relates to the Abbreviated New Drug Application No. 220282 ("Hetero's ANDA") filed or caused to be filed by Hetero with the United States Food and Drug Administration ("FDA") for approval to market a generic version of Pharmacosmos' COSELA®, (trilaciclib) for injection, intravenous drug product. Through Hetero's ANDA, Hetero seeks approval to market a generic version of the pharmaceutical product COSELA® (trilaciclib) prior to the expiration of United States Patent Nos. 11,529,352 (the "'352 patent") and 12,168,666 (the "'666 patent") (true and correct copies of the '352 and '666 patent are attached as Exhibits A and B respectively). Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

## THE PARTIES

2. Plaintiff Pharmacosmos Holding A/S is a corporation organized and existing under the laws of Denmark and has a principal place of business at Roervangsvej 30, DK-4300 Holbaek, Denmark.

3.      Plaintiff Pharmacosmos A/S is a corporation organized and existing under the laws of Denmark and has a principal place of business at Roervangsvej 30, DK-4300 Holbaek, Denmark. Pharmacosmos A/S is a wholly-owned subsidiary of Pharmacosmos Holding A/S.

4.      Plaintiff Pharmacosmos Therapeutics Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 120 Headquarters Plaza, East Tower, 6th Floor, Morristown, New Jersey 07960. Pharmacosmos Therapeutics Inc. is a wholly-owned subsidiary of Pharmacosmos A/S.

5.      On information and belief, Defendant Hetero Ltd. is a corporation organized and existing under the laws of India and has a principal place of business at 7-2-A2, Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad 500 018, Andhra Pradesh, India. *See, e.g.*, *Axsome Malta Ltd. v. Hetero USA Inc.*, No. 2:24-cv-10618 (D.N.J.), ECF No. 11, ¶ 7.

6.      On information and belief, Hetero Ltd., directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, imports, offers for sale, and/or sells generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

7.      On information and belief, Hetero Ltd. is a parent company of Hetero USA. *See, e.g., Sanofi-Aventis U.S. LLC v. Sandoz Inc.*, No. 1:20-cv-00804 (D. Del.), ECF No. 1 ¶ 164, ECF No. 36 ¶ 164.

8.      On information and belief, Defendant Hetero USA is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business in New Jersey at 1035 Centennial Ave., Piscataway, New Jersey 08854, as indicated on page 3 of its Paragraph IV Notice Letter. *See also, e.g.*, *Axsome Malta Ltd. v. Hetero USA Inc.*, No. 2:24-cv-10618 (D.N.J.), ECF No. 11, ¶ 5; *Sanofi-Aventis U.S. LLC v. Sandoz Inc.*, No. 1:20-cv-00804 (D.

Del.), ECF No. 1 ¶ 160, ECF No. 36 ¶ 160; https://hetero.com/contact-us (last accessed April 3, 2025).

9.      On information and belief, Hetero USA is the U.S. Regulatory Agent for Defendant Hetero Unit-VI. Hetero's March 25, 2025 letter to Pharmacosmos containing notice of Hetero's ANDA filing and certification under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Hetero's Paragraph IV Notice Letter"), at p.1.

10.     On information and belief, Hetero USA is registered with New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No.0400362826.

11.     On information and belief, Hetero USA is registered with New Jersey's Department of Health as a drug wholesaler under Registration No. 5004050.

12.     On information and belief, Hetero USA develops, manufactures, markets, distributes, imports, offers for sale, and/or sells, generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

13.     On information and belief, Hetero Unit-VI has a principal place of business in Polepally, Jadcherla, Mahabubnagar, 509301, Andhra Pradesh, India. *See, e.g., Sanofi-Aventis U.S. LLC v. Sandoz Inc.*, No. 1:20-cv-00804 (D. Del.), ECF No. 1 ¶ 162, ECF No. 36 ¶ 162.

14.     On information and belief, Hetero Unit-VI develops, manufactures, markets, distributes, imports, offers for sale, and/or sells, generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

15.     On information and belief, Hetero prepared and submitted Hetero's ANDA and continues to collaborate in seeking FDA approval of that application. *See* Hetero Paragraph IV Notice Letter at pp.1-2.

16. On information and belief, Hetero intends to commercially manufacture, market, offer for sale, and sell the product described in Hetero's ANDA ( "Hetero's ANDA Product") throughout the United States, including in the State of New Jersey, in the event the FDA approves Hetero's ANDA.

## **JURISDICTION AND VENUE**

17. This is a civil action for infringement of the '352 and '666 patents (collectively, "the patents-in-suit"). This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*.

18. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and/or 35 U.S.C. § 271.

19. Venue is proper in this Court as to Hetero Ltd. under 28 U.S.C. § 1391(c)(3) because Hetero Ltd. is a foreign corporation and may be sued in any judicial district in the United States where Hetero Ltd. is subject to the court's personal jurisdiction. For reasons set forth below, Hetero Ltd. is subject to personal jurisdiction in this district.

20. In addition, this Court has personal jurisdiction over Hetero Ltd., and venue is proper as to Hetero Ltd., at least because upon information and belief Hetero Ltd.: (1) directs and/or controls Hetero USA, which has a principal place of business and business addresses in New Jersey; (2) directed Hetero Unit-VI and Hetero USA to prepare and submit Hetero's ANDA from Hetero USA's principal place of business in New Jersey and, through its agent Hetero USA, served Hetero's Paragraph IV Notice Letter on Pharmacosmos A/S; (3) has purposely availed itself of the privilege of doing business in New Jersey, directly or indirectly through its subsidiaries, agents, and/or alter egos; (4) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in

New Jersey; (5) derives substantial revenue from the sale of its products in New Jersey; and (6) intends to, directly or indirectly through its subsidiaries, agents, and/or alter egos, market, sell, or distribute Hetero's ANDA Product for which it seeks approval under Hetero's ANDA, including throughout New Jersey.

21.      This Court has personal jurisdiction over Hetero Ltd. for at least the additional reason that it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Axsome Malta Ltd. v. Hetero USA Inc.*, No. 2:24-cv-10618 (D.N.J.); *Axsome Malta Ltd. v. Alkem Lab'ys Ltd.*, No. 2:24-cv-09209 (D.N.J.); *Esperion Therapeutics, Inc. v. Hetero USA Inc.*, No. 2:24-cv-06389 (D.N.J.); *Abbvie Inc. v. Hetero USA Inc.*, No. 3:24-cv-04852 (D.N.J.); *Intra-Cellular Therapies, Inc. v. Hetero USA, Inc.*, No. 3:24-cv-04317 (D.N.J.); *Axsome Malta Ltd. v. Alkem Lab'ys Ltd.*, No. 2:23-cv-20354 (D.N.J.); *Rigel Pharms., Inc. v. Annora Pharma Private Ltd.*, No. 2:22-cv-04732 (D.N.J.); *Celgene Corp. v. Hetero Labs Limited*, No. 2:20-cv-14389 (D.N.J.); *Boehringer Ingelheim Pharms., Inc. v. Hetero USA Inc.*, No. 3:17-cv-07923 (D.N.J.).

22.      Alternatively, this Court may exercise jurisdiction over Hetero Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Pharmacosmos' claims arise under federal law; (2) Hetero Ltd. is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Hetero Ltd. has sufficient contacts with the United States as a whole, including but not limited to preparing and submitting numerous ANDAs to the FDA and manufacturing, importing, offering to sell, or selling generic pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Hetero Ltd. satisfies due process.

23.      Venue is proper in this Court as to Hetero USA under 28 U.S.C. § 1400(b) because Hetero USA resides in New Jersey, has committed acts of infringement in New Jersey, and has a

regular and established place of business in this Judicial District. Hetero USA, on behalf of Hetero Ltd. and Hetero Unit-VI, served Hetero's Paragraph IV Notice Letter, which indicated that Hetero USA, Hetero Ltd. and Hetero Unit-VI submitted Hetero's ANDA. On information and belief, Hetero USA, in conjunction with Hetero Ltd. and Hetero Unit-VI, submitted Hetero's ANDA from Hetero USA's principal place of business in New Jersey.

24.     In addition, this Court has personal jurisdiction over Hetero USA, and venue is proper as to Hetero USA, because on information and belief, Hetero USA: (1) along with Hetero Ltd. and Hetero Unit-VI, prepared and submitted Hetero's ANDA from Hetero USA's principal place of business in New Jersey and served Hetero's Paragraph IV Notice Letter on behalf of itself, Hetero Ltd., and Hetero Unit-VI, on Pharmacosmos A/S; (2) has a principal place of business and business addresses in New Jersey; (3) has employees in the places of business that it maintains in New Jersey; (4) has customers in the state of New Jersey; (5) has purposely availed itself of the privilege of doing business in New Jersey, including securing a New Jersey wholesale drug distributor's license (Registration No. 5004050) and a New Jersey Business Entity identification number (Registration No. 0400362826); (6) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in New Jersey; (7) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical products in New Jersey; (8) directly or indirectly maintains pervasive, continuous, and systematic contacts with New Jersey, including through a network of wholesalers and distributors, for the purposes of marketing, distributing, and/or selling generic pharmaceutical products in New Jersey; (9) enjoys substantial income from sales of its generic pharmaceutical products in New Jersey; and (10) intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute Hetero's ANDA Product in New Jersey.

25.    This Court has personal jurisdiction over Hetero USA at least because it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Axsome Malta Ltd. v. Hetero USA Inc.*, No. 2:24-cv-10618 (D.N.J.); *Axsome Malta Ltd. v. Alkem Lab'ys Ltd.*, No. 2:24-cv-09209 (D.N.J.); *Esperion Therapeutics, Inc. v. Hetero USA Inc.*, No. 2:24-cv-06389 (D.N.J.); *Abbvie Inc. v. Hetero USA Inc.*, No. 3:24-cv-04852 (D.N.J.); *Intra-Cellular Therapies, Inc. v. Hetero USA, Inc.*, No. 3:24-cv-04317 (D.N.J.); *Axsome Malta Ltd. v. Alkem Lab'ys Ltd.*, No. 2:23-cv-20354 (D.N.J.); *Rigel Pharms., Inc. v. Annora Pharma Private Ltd.*, No. 2:22-cv-04732 (D.N.J.); *Celgene Corp. v. Hetero Labs Limited*, No. 2:20-cv-14389 (D.N.J.); *Boehringer Ingelheim Pharms., Inc. v. Hetero USA Inc.*, No. 3:17-cv-07923 (D.N.J.).

26.    Hetero USA has further availed itself of the jurisdiction of this Judicial District by previously initiating litigation in this Judicial District. *See, e.g.*, *Symed Labs Limited v. Amneal Pharms. LLC*, No. 2:18-cv-13628 (D.N.J.); *Symed Labs Limited v. Amneal Pharms. LLC*, No. 2:15-cv-08307 (D.N.J.); *Symed Labs Limited v. Glenmark Pharms. Inc., USA*, No. 2:15-cv-08306 (D.N.J.); *Symed Labs Limited v. Hikma Pharms. USA Inc.*, No. 2:15-cv-08304 (D.N.J.).

27.    Venue is proper in this Court as to Hetero Unit-VI under 28 U.S.C. § 1391(c)(3) because Hetero Unit-VI is a foreign corporation and may be sued in any judicial district in the United States where Hetero Unit-VI is subject to the court's personal jurisdiction. For reasons set forth below, Hetero Unit-VI is subject to personal jurisdiction in this district.

28.    In addition, this Court has personal jurisdiction over Hetero Unit-VI, and venue is proper as to Hetero Unit-VI, at least because upon information and belief Hetero Unit-VI: (1) as a division of Hetero Ltd., directs and/or controls Hetero USA, its U.S. Regulatory Agent, which has a principal place of business and business addresses in New Jersey; (2) as a division of Hetero

Ltd., directed its U.S. Regulatory Agent, Hetero USA, to prepare and submit Hetero's ANDA from Hetero USA's principal place of business in New Jersey and, through its agent Hetero USA, served Hetero's Paragraph IV Notice Letter on Pharmacosmos A/S; (3) has purposely availed itself of the privilege of doing business in New Jersey, directly or indirectly through its subsidiaries, agents, and/or alter egos; (4) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey; (5) derives substantial revenue from the sale of its products in New Jersey; and (6) intends to, directly or indirectly through its subsidiaries, agents, and/or alter egos, market, sell, or distribute Hetero's ANDA product for which it seeks approval under Hetero's ANDA, including throughout New Jersey.

29.    Alternatively, this Court may exercise jurisdiction over Hetero Unit-VI pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Pharmacosmos' claims arise under federal law; (2) Hetero Unit-VI is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Hetero Unit-VI has sufficient contacts with the United States as a whole, including but not limited to preparing and submitting numerous ANDAs to the FDA and manufacturing, importing, offering to sell, or selling generic pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Hetero Unit-VI satisfies due process.

30.    On information and belief, Hetero USA, Hetero Unit-VI, and Hetero Ltd. are agents of each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to Hetero's ANDA Product.

31.     On information and belief, Hetero USA, Hetero Unit-VI, and Hetero Ltd. are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to Hetero's ANDA Product.

32.     On information and belief, Hetero USA, Hetero Unit-VI, and Hetero Ltd. filed or caused to be filed Hetero's ANDA with the FDA. *See* Hetero Paragraph IV Notice Letter at pp.1-2.

33.     On information and belief, Hetero USA, Hetero Unit-VI, and Hetero Ltd. prepared and submitted Hetero's ANDA in New Jersey, based on work performed in New Jersey in support for Hetero's ANDA filing. On information and belief, this work, including but not limited to providing details on bioequivalence testing, manufacturing processes and quality control measures, and communicating with the FDA concerning the ANDA submission, was performed by Hetero USA, Hetero Unit-VI, and Hetero Ltd., and comprises part of Hetero's ANDA submission.

34.     On information and belief, Hetero Ltd. is the holder of the Drug Master File for trilaciclib dihydrochloride dihydrate which underlies Hetero's ANDA submission.

35.     On information and belief, Hetero USA taking actions in concert with Hetero Ltd. and Hetero Unit VI which, among other things, led to the filing of Hetero's ANDA and its maintaining of distribution channels, including in New Jersey, establishes that Hetero will commercially manufacture, use, offer to sell, sell, and/or import Hetero's ANDA Product throughout the United States, including in New Jersey, if granted approval.

36.     Hetero USA, on behalf of itself, Hetero Unit-VI, and Hetero Ltd., sent Pharmacosmos the Hetero Paragraph IV Notice Letter, dated March 25, 2025, providing notice

that Hetero's ANDA contains a certification with respect to the '352 and '666 patents under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"), and stating that Hetero had filed Hetero's ANDA seeking approval from the FDA to commercially manufacture, use, market, or sell its Eq. 300mg Base/Vial generic trilaciclib product in the United States.

37.     Pharmacosmos A/S received Hetero's Paragraph IV Notice Letter on March 27, 2025.

## PHARMACOSMOS'S APPROVED COSELA® AND THE PATENTS-IN-SUIT

38.     Pharmacosmos A/S holds New Drug Application ("NDA") No. 214200, which the FDA approved on February 12, 2021. The FDA also granted five years of regulatory exclusivity for a new chemical entity pursuant to 21 C.F.R. § 314.108, which expires on February 12, 2026. Pharmacosmos markets and sells intravenous products that are the subject of NDA No. 214200 in the United States under the brand name "COSELA®."

39.     COSELA® (trilaciclib) is a kinase inhibitor indicated to decrease the incidence of chemotherapy-induced myelosuppression in adult patients when administered prior to a platinum/etoposide-containing regimen or topotecan-containing regimen for extensive-stage small cell lung cancer. A true and correct copy of the prescribing information for COSELA® is attached as Exhibit C.

40.     The prescribing information for COSELA® instructs that COSELA® should be "administer[ed] as a 30-minute intravenous infusion completed no more than 4 hours prior to the start of chemotherapy on each day chemotherapy is administered," and that "the interval between doses of COSELA on sequential days should not be greater than 28 hours." Exhibit C at Sections 1, 2.

–11–

41. The prescribing information for COSELA® further details the platinum/etoposide-containing regimen of Study 1 (G1T28-05), the primary study supporting FDA approval of COSELA®. Exhibit C at Sections 6, 14. For example, the prescribing information for COSELA® details that "Study 1 (G1T28-05) was a randomized (1:1), double-blind, placebo-controlled study of COSELA or placebo administered prior to treatment with etoposide, carboplatin, and atezolizumab (E/P/A) for patients with newly diagnosed ES-SCLC not previously treated with chemotherapy," and that, in the COSELA® treatment group, "Carboplatin (AUC 5) and atezolizumab (1200 mg) were administered on Day 1 and etoposide (100 mg/m$^2$) and COSELA (240 mg/m$^2$) … were administered on Days 1, 2, and 3 of a 21-day cycle for a maximum of 4 cycles (induction). After induction, maintenance atezolizumab (1200 mg) monotherapy on Day 1 of a 21-day cycle continued until disease progression or unacceptable toxicity." Exhibit C at Section 14; *see also* Exhibit C at Section 6 ("Study 1 (G1T28-05; NCT03041311) was an international, randomized (1:1), double-blind, placebo-controlled study of COSELA or placebo administered prior to treatment with etoposide, carboplatin, and atezolizumab (E/P/A) for patients with newly diagnosed ES-SCLC not previously treated with chemotherapy.").

42. The prescribing information for COSELA® further discloses that Study 1 "demonstrated a statistically significantly shorter duration of severe neutropenia (DSN) in Cycle 1 (0 vs 4 days) and a lower proportion of patients with severe neutropenia (SN) (2% vs 49%) in patients receiving COSELA compared with placebo (Table 5)." *Id.* at Section 14.

43. On information and belief, the platinum/etoposide-containing regimen of Study 1 reflects the standard of care for treating patients with ES-SCLC, which requires administration of a platinum/etoposide-containing regimen comprising platinum/etoposide chemotherapy (*e.g.*,

carboplatin and etoposide) and an immune checkpoint inhibitor (*e.g.*, atezolizumab) administered in an induction phase and a maintenance phase.

44.     Pursuant to 21 U.S.C. § 355(b)(1), the '352 and '666 patents are listed in the FDA's publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (commonly referred to as the "Orange Book") as covering COSELA®

45.     The '352 patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 20, 2022 and is titled "Preservation of Immune Response During Chemotherapy Regimens." The '352 patent will expire on July 23, 2039.

46.     The '666 patent was duly and legally issued by the USPTO on December 17, 2024 and is titled "Morphic Forms of Trilaciclib And Methods of Manufacture Thereof." The '666 patent will expire on November 13, 2040.

47.     Pharmacosmos Holding A/S is the assignee of the '352 and '666 patents.

48.     Pharmacosmos Therapeutics Inc. holds an exclusive license under the '352 and '666 patents to commercialize COSELA® in the United States.

## HETERO'S ANDA AND NOTICE LETTER

49.     On information and belief, Hetero submitted its ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Hetero's ANDA Product as a purported generic version of COSELA® prior to the expiration of the '352 and '666 patents. On information and belief, Hetero's ANDA contains a Paragraph IV Certification with respect to the '352 and '666 patents.

50.     Pharmacosmos A/S received Hetero's Paragraph IV Notice Letter in Denmark on March 27, 2025. In its Paragraph IV Notice Letter, Hetero Inc. represented that Hetero's ANDA

–13–

included Paragraph IV Certifications with respect to the '352 and '666 patents, and that Hetero Inc. is seeking approval to engage in the commercial manufacture, use, or sale of its ANDA Product prior to the expiration of the '352 and '666 patents. According to Hetero's Paragraph IV Notice Letter, Hetero's ANDA Product contains trilaciclib.

51.    Hetero's Paragraph IV Notice Letter purported to contain a "Detailed Statement for ANDA 220282" ("Detailed Statement").

52.    Hetero's Detailed Statement alleged that the '352 and '666 patents will not be infringed by the commercial manufacture, use, or sale of Hetero's ANDA Product and that the '352 and '666 patents are invalid.

53.    Hetero's Paragraph IV Notice Letter purported to include an Offer of Confidential Access ("OCA") to certain Hetero confidential information regarding Hetero's ANDA Product. On April 2, 2025 shortly after receiving Hetero's Paragraph IV Notice Letter, Pharmacosmos requested that Hetero revise its purported OCA to provide Pharmacosmos with access to modules 1, 2, and 3 of Hetero's ANDA.

54.    On April 17, 2025, without further negotiation, Hetero responded to Pharmacosmos' request by stating that Hetero would not provide Pharmacosmos with access to modules 1, 2, or 3 of Hetero's ANDA as Pharmacosmos requested unless "outside counsel would like to agree to the [original] terms proposed by Hetero for accessing the ANDA," in its purported OCA.

55.    Plaintiffs subsequently offered to meet and confer with Hetero in an effort to agree on reasonable terms for Hetero's purported OCA, but the parties were not able to reach an agreement as of the date of this Complaint. To date, Hetero has not provided Pharmacosmos with a copy of any portion of Hetero's ANDA.

56.     Pharmacosmos is not aware of any other means, other than discovery in this lawsuit, to obtain information regarding Hetero's ANDA Product. In the absence of receiving such information within the 45-day statutory period, Pharmacosmos will utilize the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, such information as is required to support its allegations of infringement and to present the Court with evidence that Hetero's ANDA Product fall within the scope of one or more claims of the '352 and '666 patents..

57.     On information and belief, Hetero Unit-VI is a division of Hetero Ltd. Hetero Paragraph IV Notice Letter at p.1, n.1; *see also, e.g., Sanofi-Aventis U.S. LLC v. Sandoz Inc.*, No. 1:20-cv-00804 (D. Del.), ECF No. 1 ¶ 162, ECF No. 36 ¶ 162, ECF No. 37, p.2; *Ingenus Pharms., LLC v. Hetero USA, Inc.*, No. 1:24-cv-01025 (D. Del.), ECF No. 13, p.1.

58.     On information and belief, Hetero USA, Hetero Unit-VI, and Hetero Ltd., have participated in the preparation and submission of Hetero's ANDA, have provided material support to the preparation and submission of Hetero's ANDA, and intend to support the further prosecution of Hetero's ANDA.

59.     On information and belief, if the FDA approves Hetero's ANDA, Hetero will manufacture, use, offer for sale, or sell the ANDA Product within the United States, including within New Jersey, or will import the ANDA Product into the United States, including New Jersey.

60.     On information and belief, if the FDA approves Hetero's ANDA, Hetero will actively induce or contribute to the manufacture, use, offer for sale, or sale of the ANDA Product.

61.     Pharmacosmos is commencing this action within 45 days of the date of receipt of Hetero's Paragraph IV Notice Letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## ACTS GIVING RISE TO THIS ACTION

## COUNT I

## INFRINGEMENT OF THE '352 PATENT BY HETERO

62. The allegations of paragraphs 1-61 above are repeated and re-alleged as if set forth fully herein.

63. On information and belief, Hetero has submitted or caused the submission of Hetero's ANDA to FDA, and continues to seek FDA approval of Hetero's ANDA.

64. Hetero has infringed the '352 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Hetero's ANDA with a Paragraph IV certification and seeking FDA approval of Hetero's ANDA prior to the expiration of the '352 patent.

65. Hetero USA, Hetero Unit-VI, and Hetero Ltd. are jointly and severally liable for any infringement of the '352 patent because, on information and belief, Hetero USA, Hetero Unit-VI, and Hetero Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Hetero's ANDA and its accompanying Paragraph IV Certification directed to the '352 patent to the FDA.

66. On information and belief, Hetero's ANDA Product will be accompanied by a label containing clinical study information, prescribing information, and other instructions ("Hetero's ANDA Product Labeling").

67. On information and belief Hetero's ANDA Product Labeling will be substantially identical to the prescribing information for COSELA® (Exhibit C).

68. On information and belief, physicians will follow the instructions on Hetero's ANDA Product Labeling when administering Hetero's ANDA Product.

–16–

69.     On information and belief, the use of Hetero's ANDA Product in accordance with and as directed by Hetero's ANDA Product Labeling will infringe one or more claims of the '352 patent.

70.     As an example, claim 1 of the '352 patent recites:

A method of treating a human having cancer comprising administering to the human a therapeutic regimen comprising a) an induction phase and b) a maintenance phase,

a) the induction phase comprising:

i) administering to the human an effective amount of a selective Cyclin Dependent Kinase 4/6 (CDK4/6) inhibitor of structure:

or a pharmaceutically acceptable salt thereof,

ii) administering to the human an effective amount of a chemotherapeutic agent, and

iii) administering to the human an effective amount of an immune checkpoint inhibitor,

wherein, during the induction phase, the CDK4/6 inhibitor is only administered 24 hours or less prior to the administration of the chemotherapeutic agent, and wherein the chemotherapeutic agent is cytotoxic to immune effector cells;

b) the maintenance phase comprising:

i) administering to the human at least one dose of an effective amount of the

immune checkpoint inhibitor, and

wherein the maintenance phase is administered following the cessation of the induction phase.

71.     On information and belief, the use of Hetero's ANDA Product in accordance with and as directed by Hetero's ANDA Product Labeling will involve treating a human having cancer in accordance with the method recited in claim 1.

72.     On information and belief, Hetero will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product immediately and imminently upon approval of its ANDA.

73.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Hetero's ANDA Product will infringe one or more claims of the '352 patent.

74.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Hetero's ANDA Product in accordance with and as directed by Hetero's ANDA Product Labeling will infringe one or more claims of the '352 patent.

75.     On information and belief, Hetero plans and intends to, and will, actively induce infringement of one or more claims of the '352 patent when Hetero's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Hetero's activities will be done with knowledge of the '352 patent and specific intent to infringe that patent.

76.     On information and belief, physicians who act according to Hetero's ANDA Product Labeling will infringe one or more claims of the '352 patent.

77.     On information and belief, Hetero knows, should know, or is willfully blind to the fact that physicians who act according to Hetero's ANDA Product Labeling will infringe one or

more claims of the '352 patent, and Hetero has the specific intent to actively encourage physicians to infringe one or more claims of the '352 patent.

78. On information and belief, Hetero knows that Hetero's ANDA Product and Hetero's ANDA Product Labeling are especially made or adapted for use in infringing the '352 patent, that Hetero's ANDA Product is not a staple article or commodity of commerce, and that Hetero's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Hetero plans and intends to, and will, contribute to infringement of the '352 patent immediately and imminently upon approval of Hetero's ANDA.

79. Notwithstanding Hetero's knowledge of the claims of the '352 patent, Hetero has continued to assert its intent to manufacture, use, offer for sale, sell, distribute, and/or import Hetero's ANDA Product with its product labeling following FDA approval of Hetero's ANDA prior to the expiration of the '352 patent.

80. The foregoing actions by Hetero constitute and/or will constitute infringement of the '352 patent; active inducement of infringement of the '352 patent; and/or contribution to the infringement by others of the '352 patent.

81. On information and belief, Hetero has acted with full knowledge of the '352 patent and without a reasonable basis for believing that it would not be liable for infringement of the '352 patent; active inducement of infringement of the '352 patent; and/or contribution to the infringement by others of the '352 patent.

82. Hetero's Detailed Statement in Hetero's Paragraph IV Notice Letter lacks any sufficient contention that the Hetero ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '352 patent.

–19–

83.     Pharmacosmos will be irreparably harmed if Hetero is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '352 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and Hetero, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

84.     The submission of Hetero's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of Hetero's ANDA Product before the expiration of the '352 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

## COUNT II

### INFRINGEMENT OF THE '666 PATENT BY HETERO

85.     The allegations of paragraphs 1-84 above are repeated and re-alleged as if set forth fully herein.

86.     On information and belief, Hetero has submitted or caused the submission of Hetero's ANDA to the FDA, and continues to seek FDA approval of Hetero's ANDA.

87.     Hetero has infringed the '666 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Hetero's ANDA with a Paragraph IV certification and seeking FDA approval of Hetero's ANDA prior to the expiration of the '666 patent.

88.      Hetero USA, Hetero Unit-VI, and Hetero Ltd. are jointly and severally liable for any infringement of the '666 patent because, on information and belief, Hetero USA, Hetero Unit-VI, and Hetero Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Hetero's ANDA and its accompanying Paragraph IV Certification directed to the '666 patent to the FDA.

89.    On information and belief, if the Hetero ANDA is approved, Hetero and its affiliates will immediately make, use, sell, offer for sale, import or otherwise distribute Hetero's ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the '666 patent.

90.    Hetero's commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of Hetero's ANDA Product will actively induce and/or contribute to the infringement of the '666 patent.

91.    Unless enjoined by this Court, upon approval of Hetero's ANDA, Hetero will make, use, offer to sell, or sell Hetero's ANDA Product within the United States, or will import Hetero's ANDA Product into the United States, and will thereby infringe, contribute to the infringement and/or induce the infringement of one or more claims of the '666 patent.

92.    On information and belief, Hetero has acted with full knowledge of the '666 patent and without a reasonable basis for believing that it would not be liable for infringement of the '666 patent; active inducement of infringement of the '666 patent; and/or contribution to the infringement by others of the '666 patent.

93.    Hetero's "Detailed Statement" in Hetero's Paragraph IV Notice Letter lacks any sufficient contention that Hetero's ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '666 patent.

94.    Pharmacosmos will be irreparably harmed if Hetero is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '666 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and Hetero, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

95.     The submission of Hetero's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Hetero's ANDA Product before the expiration of the '666 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Pharmacosmos requests that the Court grant the following relief:

A.     A judgement that Hetero infringes the patents-in-suit;

B.     A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining Hetero, its affiliates and subsidiaries, and all persons or entities acting in concert with Hetero from commercially manufacturing, using, offering for sale, selling, or importing any product that infringes the patents-in-suit by the commercial manufacture, use, provision, offer for sale, or sale within the United States, and/or importation into the United States, including Hetero's ANDA Product described in ANDA No. 220282;

C.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of Hetero's ANDA No. 220282 be a date that is not earlier than the expiration date of the latest to expire of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the aforementioned patents-in-suit to which Pharmacosmos is or becomes entitled;

D.     An award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C) to the extent Hetero commercially manufactures, uses, provides, offers to sell, or sells within the United States, or imports into the United States any product that infringes or induces or contributes to the infringement of the patents-in-suit within the United States prior to the expiration of the aforementioned patents, including any later expiration of any patent term extension or exclusivity

–22–

for the patents to which Pharmacosmos is or becomes entitled, and that any such monetary relief be awarded to Pharmacosmos with prejudgment interest;

E.      The entry of judgment declaring that Hetero's acts render this case an exceptional case, and awarding Pharmacosmos their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

F.      An award of Pharmacosmos' costs and expenses in this action; and

G.      Such other and further relief as the Court may deem just and proper.

DATED: May 7, 2025

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Daniel L. Reisner (*pro hac vice* to be submitted)
Abigal Struthers (*pro hac vice* to be submitted)
250 West 55th Street
New York, NY 100190-9710
Telephone: (212) 836-8000
daniel.reisner@arnoldporter.com
abigail.struthers@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
Jeremy Cobb (*pro hac vice* to be submitted)
601 Massachusetts Ave,
NW Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
David Denuyl (*pro hac vice* to be submitted)
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
david.denuyl@arnoldporter.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*

By: s/ David E. De Lorenzi
David E. De Lorenzi
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500
ddelorenzi@gibbonslaw.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*